**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donna McClellan,<br><br>        Plaintiff,<br><br>vs.<br><br>Commissioner of Social Security Administration,<br><br>        Defendant. | No. CV-18-08026-PCT-SPL<br><br>**ORDER** |

    Pending before the Court is Plaintiff's Motion for an Award of Attorneys' Fees Under 42 U.S.C. § 406(b) (Doc. 24).

    On October 2, 2018, this Court granted the parties' Stipulated Motion for Remand (Docs. 19, 20). On remand, Plaintiff was awarded $67,811.50[1] in back benefits due, and a Notice of Award was issued on August 20, 2019 (Doc. 24–1). Plaintiff now seeks an award of $16,952.88 in attorneys' fees under 42 U.S.C. § 406(b) (Doc. 24).

    The Social Security Act provides that the Court may award reasonable attorneys' fees for representation before the Court, not to exceed twenty-five percent of past-due benefits. 42 U.S.C. § 406(b)(1)(A). The Supreme Court in *Gisbrecht v. Barnhart* provides district courts with guidance on how to evaluate such Section 406(b) contingent-fee requests for reasonableness.

---

[1] The Social Security Administration send Plaintiff an initial payment of $50,858.62 and withheld $16,952.88 in potential attorneys' fees for a total of $67,811.50 in back benefits due.

> Most plausibly read, . . . § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In determining whether such a fee award is reasonable under 42 U.S.C. § 406(b), the Court may look to factors including the character of the representation, the results achieved, delay, and proportionality. *Gisbrecht*, 535 U.S. at 808; *Crawford v. Astrue*, 586 F.3d 1142, 1148, 1151 (9th Cir. 2009).

Defendant does not object to the motion (Doc. 25). Upon review, the Court finds the request for $16,952.88 is twenty-five percent of Plaintiff's past-due benefits and does not exceed the statutory cap. In addition, the instant record provides no indication of substandard performance, dilatory litigation tactics, or disproportionality.[2] Accordingly, this Court concludes that a consideration of the *Gisbrecht* factors warrants a finding that the fee requested is reasonable.

**IT IS THEREFORE ORDERED** that the Motion for an Award of Attorneys' Fees Under 42 U.S.C. § 406(b) (Doc. 24) is **granted**.

///
///
///
///
///

---

[2] The fee request results in an effective hourly rate of $1,215.26 (Doc 24 at 11). "In cases of this type, the Ninth Circuit sitting en banc has approved effective hourly rates of $519, $875, and $902 without finding that they are unreasonable." *Young v. Colvin*, No. CV–11–538–PHX–SMM, 2014 WL 590335, at *2 (D. Ariz. 2014) (citing *Crawford*, 586 F.3d at 1153); *see also Claypool v. Barnhart*, 294 F.Supp.2d 829, 833–34 (S.D. W. Va. 2003) (finding Defendant's argument that an effective hourly rate of $1,433.12 for 12.56 hours of work represents a windfall to the attorney to be without merit); *Palos v. Colvin*, No. CV 15–04261–DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (approving a hourly rate of $1,546.39); *Villa v. Astrue*, No. CIV–S–06–0846 GGH, 2010 WL 118454, at *1 (E.D. Cal. Jan. 7, 2010) (approving a rate in excess of $1,000 per hour and noting that "[r]educing § 406(b) fees after *Crawford* is dicey business."). Taking into account the risk inherent in contingent-fee arrangements, the Court concludes the hourly rate is reasonable.

1 **IT IS FURTHER ORDERED** that Counsel is awarded **$16,952.88** in accordance with 42 U.S.C. § 406(b). Upon receipt of this sum, Counsel shall refund the previously awarded EAJA fees of **$2,800.88** to Plaintiff.

Dated this 22nd day of October, 2019.

_____
Honorable Steven P. Logan
United States District Judge